FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
2:27 pm, Feb 25, 2013
JEFFREY P. COLWELL, CLERK

Honorable William J. Martinez

Judge Martinez, My name is Todd Schneeberger, I am writing this e-mail to let you know a couple of things related to Case # 13-cv-00274-WJM-BNB. I know that this e-mail does not count as an official response to the order that was filed, but I wanted to respond to you personally. I have great respect for our court system. I spent 27 years working in the system in Colorado, and know that our legal system is the best. Having said all that, I will not be able to attend the hearing on Thursday Feb. 28, 2013. My wife and I each run the store and both have full time 2nd jobs and both attend graduate school. We do not have the time or money to fight Winmark. Judge Martinez this motion before you is a waste of the courts time. We had tried to work with Winmark for the last 6 weeks, but they were not interested in finding a solution. On several occasions they violated our agreement but we always overlooked it to continue to work with them. Recently I spoke with the attorneys for Winmark and told them we were willing to have the store completely closed on March 14th. We are currently on a month to month lease and would be able to liquidate the store and work out something with the landlord by then. The day after our conversation she filed the motion. They are pushing this like a bully (because they have more resources $) over 2 weeks. The question is the enforcement of the non-compete clause. Colorado law CRS 8-2-113(2) is very clear in its language and meaning. "Any covenant not to compete which restricts the right of any person to receive compensation for performance of skilled or unskilled for any employer shall be void, but this subsection(2) shall not apply to: " The law goes on to describe 4 exceptions. None of them apply to us. Buying and selling new and used sporting goods is not exclusive to Winmark and does not include any Trade Secrets. Winmark has not provided training to anyone related to our store in 5 years. We are an independent store owner, so we do not have Winmark executive status, and we are not physicians. The one exception that they are trying to make apply to our situation is in subsection (a) "any contract for the purchase or sale of the business, or the assets of the business." We asked for Winmark's help in selling the business a year ago and they never brought a single offer to us. In reference to this exception, we do not have a contract or an offer with any buyer to sell the store or its assets. If I read this law right Winmark does not have anything to say about me operating a sports store in Colorado. The last area is the signage outside the store. A sign that is attached to the front of the building and a sign that is by the street are both property of the landlord. When I told the attorney that, they called the landlord and that was confirmed. The attorney told the landlord that the signs would have to be removed. I do not know what the current discussion between them is. The sign attached to the building was damaged months ago, Winmark knew this and never said that we needed to fix it, I fixed it with tape and covered the part that said "it Again". The sign does not say Play it Again Sports. I am sorry this went on this long, but I wanted to let you know some of the facts that Winmarks lawyers will not let you know. Thank You for your attention. If you have further questions, feel free to call me (970 691-9075) or e mail me schneehome@gmail.com. Thank You again. Todd Schneeberger