**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0274-WJM-BNB

WINMARK CORPORATION,

    Plaintiff,

v.

TODD A. SCHNEEBERGER, and
PATRICIA A. SCHNEEBERGER

    Defendants.

---

**ORDER RE: ECF NOS. 36, 37, 38 & 41**

---

The matter is before the Court based on several filings from Plaintiff Winmark Corporation, Inc. (ECF No. 37) ("Plaintiff") and from Defendants Todd A. Schneeberger, and Patricia A. Schneeberger ("Defendants") (ECF Nos. 36, 38, 41).[1]

Having reviewed the Parties' motions, the Court addresses each of them below. The Court notes in advance that while several motions are denied, the Court has not reviewed the merits of these motions.  Rather, the motions have been denied either without prejudice or for the purposes of consolidating the filings in a single document for the Court and Parties' further review.

---

[1] The Court has construed the filings liberally: ECF No. 38; ECF No. 41.   Defendants are put on notice that before filing any further documents in this matter, they should consider why they a filing a document and the purpose behind it.

## I.  BACKGROUND

This matter involves, *inter alia*, a dispute over a franchise agreement and several trade marks ("Marks") registered pursuant to the "Lanham Act", 15 U.S.C. §§ 1114 *et seq.*[2]  (ECF No. 1.)

To protect its interests, Plaintiff filed a Motion for Preliminary Injunction earlier this year.  On March 19, 2013, that motion was granted.[3]  (ECF No. 23.)  The preliminary injunction directed Defendants to immediately cease and desist from using Plaintiff's Marks both inside and outside Defendants' Store.  It was understood by the Parties that Defendants were to close the store on or before April 15, 2013, hence no relief was granted with respect to the Franchise Agreement which prohibits Defendants from competing with Winmark in any sporting goods business for one year following termination and within an eight-mile radius of the Store.[4]

---

[2]  The Court notes that while there has been no formal responsive pleading by Defendants to Plaintiff's Complaint, the Motion for Preliminary Injunction was opposed by Defendants.  Defendants have not stood by silently during the course of this matter.

[3]  The background facts from that Order are incorporated by reference into the instant Order. *(See also* Steven A. Murphy Decl. (ECF No. 8-2), ¶ 2.))

[4]  In reliance on the confidentiality and non-compete provisions of the Franchise Agreement, Winmark shared with the Schneebergers proprietary information concerning the operation of a sporting goods store consistent with the Business System.  (*Murphy Decl..*, ¶ 11.)  This information included Winmark's DRS computer system, which contains non-public information on buying and selling sporting goods and apparel. Among other things, the DRS computer system is the proprietary point of sale system through which Winmark provides franchisees sales and inventory information on new and used products such as product costs, suggested selling prices, anticipated margins, and the rate at which certain items sell or turn over. Evidence in the record show that receipts printed from the point of sale system display the Plaintiff's Marks.  (ECF No. 8-4.)

## II.  ANALYSIS

The Parties' recent filings are primarily directed to (1) Clerk's Entry Of Default (ECF No. 34), and (2) Plaintiff's Motion for Default Judgment.  (ECF No. 37.)

### A.     Defendants' Filings

Defendants have filed several documents. The most relevant of these for the purposes of this Order is ECF No. 38.  This document is titled, 'Motion to Dismiss Any Judgment or Further Pursuit of this Matter'.  Together with this document is a further filing by Defendants, ECF No. 41.

Plaintiff has recently indicated in a Status Report (ECF No. 43) that these documents should be construed as responses to Plaintiff's Motion for Default Judgment. (ECF No. 37.)  But the Court disagrees—particularly given the context of this case where Defendants have been ready participants in the proceedings (albeit on a *pro se* basis).   In the Court's view—and upon a more liberal construction of Defendants' filings—ECF Nos. 38 and 41 should be and by this Order are construed together as a Motion to Set Aside Clerk's Entry of Default.  *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (stating, that a court reviews *pro se* pleadings and other papers "liberally and hold[s] them to a less stringent standard than those drafted by attorneys"); *see also Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (stating, however, that the court's role is not to act as *pro se* litigant's advocate).

Accordingly, the Court holds that ECF Nos. 38 and 41 are construed as Motions

to Set Aside Clerk's Entry of Default.[5]  And because the Motions can be read together, the Court further holds that each Motion will be consolidated into ECF No. 38.

In addition, with respect to Defendants' earliest filing (ECF No. 36), the Court finds that problems exist with this document. It is convoluted.  And while it precedes Plaintiff's Motion for Default Judgment (meaning it could be construed as a Motion to Set Aside Entry of Default), this interpretation of the filing would stretch notions of liberal construction beyond their reasonable limits.  The Court finds as much.  Further, given that consolidated filings ECF Nos. 38 and 41 are now directed to the Clerk's Entry of Default, this effectively makes ECF No. 36 moot, and it is denied on that basis.

### B.     Plaintiff's Filings

Much of what has been said above overlaps here.  On May 14, 2013, Plaintiff filed its Motion for Default Judgment.  (ECF No. 37).  This was predicated on the Clerk's Entry of Default on April 17, 2013.  (ECF No. 34.)  As addressed in Section A, above, Defendants' recent filings have been construed as Motions to Set Aside the Clerk's entry.  Therefore, until these Motions are resolved, any adjudication of Plaintiff's Motion for Default Judgment would be premature.  (ECF No. 37.)  Indeed, it would be a classic case of putting the 'cart before the horse.'

The Court finds that the most prudent course is to deny Plaintiff's Motion without prejudice with leave to refile at a later, more appropriate date.

---

[5]  It is noted that the Motions need only satisfy the standard in Federal Rule of Civil Procedure 55(a)—*i.e.*, a lower good cause standard than that of F.R.C.P 55(b)(2).

### III.  CONCLUSION

For the foregoing reasons, and in light of what has been addressed above, the Court ORDERS as follows:

1. Defendants' Motion (ECF No. 36) is DENIED as moot;

2. Defendants' Motions (ECF Nos. 38 and 41) are CONSOLIDATED as one motion and construed together as a Motion to Set Aside Entry of Default, to be carried forward in the docket of this Court as ECF No. 38;

3. Given the consolidation of these motions, the Clerk is directed to TERMINATE ECF No. 41 given that there remains no reason for this motion to be carried forward in the docket of this Court;

4. Plaintiff's Motion for Default Judgment (ECF No. 37) is DENIED without prejudice, with leave to refile at a later date, consistent with what has been stated in this Order; and

5. Plaintiff is DIRECTED to file a Response to Defendants' Consolidated Motion to Set Aside Default Judgment by no later than November 8, 2013.  No reply will be permitted.[6]

Dated this 31st day of October, 2013.

BY THE COURT:

William J. Martínez
United States District Judge

---

[6] Plaintiff's Response to Defendants' Motion to Set Aside Entry of Default should address the content in both ECF Nos. 38 and 41, accordingly.