**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0274-WJM-BNB

WINMARK CORPORATION,

     Plaintiff,

v.

TODD A. SCHNEEBERGER, and
PATRICIA A. SCHNEEBERGER

     Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION
TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

---

The matter is before the Court on Defendants Todd A. Schneeberger, and

Patricia A. Schneeberger ("Defendants") Motion to Set Aside Clerk's Entry of Default

("Motion"). (ECF No. 38).[1] Plaintiff Winmark Corporation, Inc. ("Plaintiff") have filed a

Response. (ECF No. 45.) No reply briefing was permitted.

    For the reasons set forth below, the Court grants Plaintiff's Motion to Set Aside

Clerk's Entry of Default.

---

[1] This Motion was construed as such based on several filings from Defendants as addressed in the Court's previous Order. (ECF No. 45.) In that Order, the Court stated that "upon a more liberal construction of Defendants' filings, ECF Nos. 38 and 41 should be and by this Order are construed together as a Motion to Set Aside Clerk's Entry of Default." (*Id.* at 2.) The Court's holding was based on *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (stating, that a court reviews pro se pleadings and other papers "liberally and hold[s] them to a less stringent standard than those drafted by attorneys").

## I.  BACKGROUND

This matter involves, *inter alia*, a dispute over a franchise agreement and several trade marks ("Marks") registered pursuant to the "Lanham Act", 15 U.S.C. §§ 1114 *et seq.* (ECF No. 1.)

To protect its interests, Plaintiff filed a Motion for Preliminary Injunction earlier this year.  On March 19, 2013, that motion was granted.[2]  (ECF No. 23.)  The preliminary injunction directed Defendants to immediately cease and desist from using Plaintiff's Marks both inside and outside Defendants' Store.  It was understood by the Parties that Defendants were to close the store on or before April 15, 2013, thus no relief was granted with respect to the Franchise Agreement which prohibits Defendants from competing with Winmark in any sporting goods business for one year following termination and within an eight-mile radius of the Store.

The Court notes that while there has been no formal responsive pleading by Defendants to Plaintiff's Complaint, the Motion for Preliminary Injunction was opposed by Defendants.  (ECF No. 15.)  Defendants have not stood by silently during the course of this matter.

## II.  LEGAL STANDARD

When a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  However, the Court may set aside an entry of default for "good cause".  Fed. R.

---

[2]  The background facts from that Order are incorporated by reference into the instant Order.  (ECF No. 23.)

Civ. P. 55(c).  "[I]n determining whether a defendant has met the good cause standard," courts consider "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."  *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (unpublished) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).  The factors are not "talismanic," and a court may choose not to consider all three factors, or to consider additional factors.  *Id.*

While "[t]he preferred disposition of any case is upon its merits and not by default . . . , this judicial preference is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion" when considering a motion to set aside a default.  *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").

## IV.  ANALYSIS

As stated in the Court's previous Order, the Court has construed this ECF No. 38 together with ECF No. 41 as a Motion to Set Aside Clerk's Entry of Default.[3]  The Court

---

[3]  The Clerk's Entry of Default was predicated on Plaintiff's Motion seeking such entry. (*See*, ECF No. 32.)  In that Motion, Plaintiff outlined that Defendants had been served and that they had stated on February 25, 2013 that they were did not "have the money to fight Winmark." (*Id.* at 2.)  But that quotation has been taken out of complete context, and belies the record post-February 25, 2013 where Defendants have filed a slew of filings in the record after this date. Such filings tend to demonstrate efforts by Defendants to "otherwise defend" Plaintiff Winmark's action consistent with Fed. R. Civ. P. 55(a) (stating that when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  The Court is puzzled why Plaintiff made no mention of Defendants efforts to otherwise defend this action.

finds that there is enough in these filings, and upon review of the record as a whole, that

warrant the grant of Defendants' Motion.  Specifically, the Court finds (1) that

Defendants were not *culpable* for their default, (2) that Plaintiff will not be prejudiced by

the granting of the Motion, and (3) that Defendants have a meritorious defense.   The

Court will consider each factor in turn.

## A.    Culpable Conduct

"Generally a party's conduct will be considered culpable only if the party

defaulted willfully or has no excuse for the default."  *United States v. Timbers Pres.,*

*Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) (citing 6 James W. Moore *et al.*,

Moore's Federal Practice ¶ 55.10[1] (2d ed. 1992)).  Conversely, an unintentional or

good faith mistake is not considered culpable conduct for the purposes of Rule 55(c).

*See id.*; *see also United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615

F.3d 1085, 1092 (9th Cir. 2010).

Further, a party's prompt motion to set aside an entry of default serves to

mitigate any culpability that may exist.  *Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114,

123 (5th Cir. 2008); *Zen & Art of Clients Server Computing, Inc. v. Res. Support*

*Assocs., Inc.*, 2006 WL 1883173, at *2 (D. Colo. July 7, 2006) (citing *Savin Corp. v.*

*C.M.C. Corp.*, 98 F.R.D. 509, 51011 (N.D. Ohio 1983) (finding that a mistaken delay in

response was not willful because the defendant "expeditiously moved to remedy his

mistake")).

Here, and despite Defendants not filing a formal Answer, the Court finds that this

conduct does not rise to the level which makes Defendants' action culpable for their

default.  Context is critical to the Court's reasoning on this factor.  The Court starts with

the fact that earlier this year Plaintiff filed a Motion for Preliminary Injunction.  On March 19, 2013, that motion was granted.  (ECF No. 23.)  Tellingly, that motion was also opposed by Defendants.  (ECF No. 15.)   This evidences that Defendants have made some effort to mount a defense during the course of these proceedings.  And while the response cannot be construed as an Answer *per se*, it does demonstrate that Defendants have not been acting in bad faith or that they have been intentionally failing to file an Answer in these proceedings. *See Yubran*, 615 F.3d at 1092 (9th Cir. 2010) (describing "culpable conduct" as "intentionally" failing to answer, or acting in bad faith in order to take advantage of the opposing party, to interfere with judicial decision making, or otherwise trying to manipulate the legal process); *see also Zen & Art*, 2006 WL 1883173, at *2.

The Court also finds that there is other evidence in the record that demonstrates that Defendants have been anything but a silent player in these proceedings to warrant the entry of default.  (ECF Nos. 28, 29, 36, 38, 41.)  These filings by Defendants are illustrative of the action taken by same to defend the action, which militates against any finding of bad faith.  Thus, under the liberal "good cause" standards of Rule 55(c), the lack of culpable conduct weighs in favor of setting aside the entry of default. *See, Zen & Art*, 2006 WL 1883173, at *2.

**B.      Prejudice to Plaintiff**

Plaintiff contends that there will be prejudice because if entry of default is not entered, the predicate for any motion for default judgment is lost.  (ECF No. 45 at 2.) Specifically, Plaintiff contends that without default judgment it cannot then obtain permanent injunctive relief to require Defendant to adhere to the non-compete clause of the Franchise Agreement for the "remainder of its one-year term." (*Id.*)  The Court, however, for several reasons, is not persuaded by Plaintiff's position.  First, the Court has previously granted Plaintiff preliminary injunctive relief with respect to the trade mark claim.  (ECF No. 23.)   To that extent, its rights have been preserved, which mitigates any prejudice in setting aside the entry of default.

Second, Plaintiff must keep in mind that "[t]he preferred disposition of any case is on its merits and not by default" when considering a motion to set aside entry of default. *See Gomes*, 420 F.2d at 1366.  While the overarching goal of the legal system must be balanced against competing goals of expediency and efficiency, courts are not in the business of 'rubber stamping' directives from a plaintiff when there has been some level of resistance, as here, by a defendant.  This is one of the reasons why the standard under Rule 55(c) is a low threshold.  And as such, it provides certain built-in advantages to the moving party as demonstrated in this case.

Because of the above reasons, the Court finds little to no prejudice to Plaintiff from the granting of the instant Motion. This factor also weighs in favor of setting aside the entry of default.

**C.      Meritorious Defense**

In determining whether a defendant has a meritorious defense to set aside an entry of default, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense in the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978); *Signed Pers. Check No. 730*, 615 F.3d at 1094 (noting that "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense").

Here, this factor sways in Defendants' favor.  With respect to Plaintiff's trade mark claim, Defendants contend that they are no longer using the word 'Play It Again Sports' which is subject to one of Plaintiff's trademark.[4]   It is an axiom that non-use of a registered mark provides a defense to any trademark infringement claim.  This defense cuts in favor of Defendants' Motion.   As to the other marks in Plaintiff's portfolio—such as the Chasing arrows (design), U.S. Reg. No. 2,550,186—Defendants argue that such trademarks are "universal" and that the "signage is used consistently throughout the world."  (ECF No. 41 at 1.)  If this allegation is taken as true, as the Court must in this context, this could well cut against the validity of the registered marks (or possibly restrict the scope of the marks to select activities).  The defense will ultimately hinge on

---

[4]  Plaintiff Winmark has taken steps to protect its Marks and Business System. Winmark is the owner of the following federally registered Marks: (a) Play It Again Sports (words only), U.S. Reg. No. 1,562,785, registered October 24, 1989; (b) Play It Again Sports (words and design), U.S. Reg. No. 1,738,778, registered December 8, 1992; (c) Sports Equipment That's Used But Not Used Up, U.S. Reg. No. 1,874,326, registered January 17, 1995; (d) Chasing arrows (design), U.S. Reg. No. 2,550,186, registered March 1, 2002; (e) Reuse. Reuse. Recycle. Replay. U.S. Reg. No. 3,913,486, registered on February 1, 2011.

what designs were conceived first and whether they were in the public domain.  At bottom, such evidence deserves further factual development and provides basis for a meritorious defense for the purposes of the instant Motion.

As to the non-compete clause, Defendants cross-reference to other motions filed earlier in the proceedings that articulate several defenses.[5]  (ECF No. 41 at 2.) Specifically, there is reference to CRS 8-2-113(2) in record as stated in Defendants' filings. (ECF No. 21 at 1; ECF No. 41.)  That section deals with exceptions and restrictions to the application of non-compete agreements.  While Defendants have only provided limited detail with respect to these defenses, the Court finds that there is enough in these filings to serve the purpose of rebutting Plaintiff's claim with respect to the non-compete clause (at least at a facial level.)   The Court could well have a different view in the context of summary judgment.  But those issues are for another day.  Accordingly, the third discretionary factor cuts in favor of Defendants and supports their Motion to Set Aside Entry of Default.

In sum, all three factors militate in favor of Defendants.  Indeed, the Court finds that Defendants have not stood idle, but rather, Defendants have actively participated in the proceedings which mitigates any culpability. This case, also, is not one where Plaintiff has suffered any substantial prejudice—at least at this juncture of the proceedings.  And finally, it would seem that Defendants have potentially meritorious defenses.   Given that "[t]he preferred disposition of any case is upon its merits and not by default," the Court finds that Defendants have made a showing of good cause under

---

[5]  The Court finds nothing wrong with this approach as Plaintiff has similarly cross-referenced arguments to previous motions in their response.  (ECF No. 45.)

Rule 55(c) to set aside the clerk's entry of default.  *See Gomes*, 420 F.2d at 1366.

### III.  CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1.      Defendants' Motion to Set Aside Clerk's Entry of Default **(ECF No. 38)** is

   GRANTED and the Clerk's Entry of Default as to Defendants (ECF No.

   34) is VACATED; and

2.      Defendants shall file an Answer or Responsive Pleading **on or before**

   **December 5, 2013**.

Dated this 14th day of November, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge

-9-